UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE McREYNOLDS,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; SPECIAL COMMITMENT CENTER AT McNEIL ISLAND; KATHLEEN LONGWELL; CONRADA VILLA-McGRATH; BRUCE DUTHIE; DAN FESSLER; BRUCE SHAMULKA; JAMES BUDER; KIMBERLY ACKER; HENRY RICHARDS; BRENNA NELSON,<br><br>      Defendants. | CASE NO. 19-5708 RJB-DWC<br><br>ORDER ON MOTION TO DISMISS DEFENDANT KATHLEEN LONGWELL, PH.D. |

This matter comes before the Court on the Motion to Dismiss Defendant Kathleen Longwell, Ph.D. Dkt. 17. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

ORDER ON MOTION TO DISMISS DEFENDANT KATHLEEN LONGWELL, PH.D. - 1

Originally filed in Pierce County, Washington, Superior Court, this case arises from the alleged improper detention of Plaintiff Jesse McReynolds as Sexually Violent Predator ("SVP") at the Special Commitment Center on McNeil Island Washington for nine years. Dkt. 1-2.

Defendant Dr. Kathleen Longwell now moves for dismissal of the claims against her. Dkt. 17. For the reasons provided below, her motion (Dkt. 17) should be granted.

## I.     FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

As is relevant to the pending motion, the Complaint asserts that Plaintiff McReynolds was arrested for attempted second-degree kidnapping of an 11-year old girl on March 23, 2007. Dkt. 1-2, at 4. He asserts that he did not commit the crime but, "wanted to move forward with his life," so on March 11, 2008, he entered a plea of guilt pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) and received a 17-month sentence. Dkt. 1-2, at 5.

### B. CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS IN WASHINGTON AND ALLEGATIONS IN THE COMPLAINT RELATING TO PLAINTIFF'S CIVIL COMMITMENT

In 1990, the Washington "legislature created an involuntary civil commitment scheme for individuals deemed sexually violent predators." *In re Det. of Lewis*, 163 Wn.2d 188, 192 (2008). Under Washington law, a "sexually violent predator" is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW § 71.09.020(18).

    1. <u>Department of Corrections makes a Referral to Prosecutors or the Attorney General; Referral includes Records; Records, in part, Created Here by Dr. Longwell</u>

Washington law provides that when it appears to agencies, like the Department of Corrections here, that a person may meet the criteria of a sexually violent predator, that agency "shall refer the person in writing" to the prosecuting attorney and attorney general. RCW § 71.09.025(1)(a). When making the referral, the Department of Corrections is required to provide the prosecutor or attorney general with relevant information including: institutional records, "records relating to the psychological or psychiatric evaluation and/or treatment of the person," records relating to prior arrests and convictions, and a "current mental health evaluation or mental health records review." RCW § 71.09.025(1)(b). The statute further provides that, "the agency, its employees and officials shall be immune from liability for any good-faith conduct under this section." RCW § 71.09.025(2).

The moving party here, Dr. Longwell, is alleged to have conducted the "mental health records review" under RCW § 71.09.025(1)(b) on August 4, 2008, which the Department of Corrections gave to the prosecutors regarding the possibility that the Plaintiff was a sexually violent predator. Dkt. 1-2. The Complaint alleges that on August 4, 2008, Dr. Longwell "who was not licensed[,] conducted an evaluation of [Plaintiff] McReynolds at the request of the DOC, an entity of defendant State of Washington, and Defendant Villa-McGrath." Dkt. 1-2, at 5. The Complaint asserts that "Dr. Longwell did not perform any tests on McReynolds, but based on records review of his past convictions, Longwell stated with certainty that McReynolds suffers from pedophilia." *Id.* The Complaint maintains that Dr. Longwell's "unqualified SVP evaluation[,] made without scientific methods[,] detained Plaintiff at [the Special Commitment Center] for nine years." Dkt. 1-2, at 8. It alleges that Dr. Longwell "was unlicensed and conducted a psychological evaluation without ever speaking to Plaintiff. She also classified

Plaintiff as having pedophilia without using or meeting the standard of care for making such a diagnosis." *Id.* Dr. Longwell is not alleged to have had a further role in Plaintiff's commitment.

        2. <u>After Referral, Prosecutors may Petition Court for Civil Commitment; Petition Triggers Probable Cause Determination; if there is Probable Cause, Full Trial is Held</u>

Under Washington's statutory scheme, after receiving a referral from the Department of Corrections, as is alleged to have occurred here, under RCW § 71.09.030, "prosecutors may petition for indefinite civil commitment when a convicted sex offender is about to be released from confinement, among other circumstances." *State v. McCuistion*, 174 Wn.2d 369, 379 (2012)(*citing* RCW 71.09.030). The filing of such a petition triggers a probable cause determination by a judge. RCW 71.09.040(1). If the judge determines that probable cause "exists to believe that the person named in the petition is a sexually violent predator," then the person is "transferred to the custody of the Department of Social and Health Services for placement in a total confinement facility." RCW 71.09.040(1)-(4). The probable cause determination is "followed by a full evidentiary trial, at which the individual enjoys a panoply of procedural protections, and the fact finder must determine, beyond a reasonable doubt, whether the individual meets the definition of a [sexually violent predator]." *Id.* (*citing* RCW 71.09.050-.060).

The Complaint alleges that while he was due to be released from custody on August 20, 2008, on August 19, 2008, "the State filed a Petition for Civil Commitment based on the arrest of McReynolds in 2007." Dkt. 1-2, at 5. It asserts that after some delays in getting him assigned counsel for a probable cause hearing, "[i]n September 2008, McReynolds accepted Bruce Shamulka as his public defender in his probable cause hearing." *Id.*, at 6. The Complaint maintains that Plaintiff was held at the Special Commitment Center for nine years without a civil

commitment trial. *Id.* It alleges that between September 2014 and March 2015, experts conducted tests, "all of which concluded that there was no indication of clinically significant sexual arousals toward children." *Id.* It asserts that in "February of 2017, a psychiatric evaluation conducted by Dr. Abbott stated that McReynolds had not demonstrated institutional signs of pedophilic interest since his 2008 incarceration. Due to this psychological assessment and the medical records from October 17, 2006 that document[ed] his alibi, it was concluded that McReynolds no longer posed a threat." *Id.,* at 6-7.

The Complaint maintains that "on June 26, 2017, the court granted McReynolds' motion for summary judgment . . . due to lack of evidence and the inability of the psychiatrist to testify that he was a danger to the community." *Id.* It states that he was released that same day, June 26, 2017. *Id.* He alleges that he has suffered "ongoing emotional distress." *Id.*

**C. PROCEDURAL HISTORY**

This case was removed on July 31, 2019 based on the federal questions raised in this case. Dkt. 1. The removing Defendants were the State of Washington; Washington State Department of Social and Health Services; Special Commitment Center at McNeil Island; and James Buder; they were the only Defendants alleged to have been served at the time of removal. *Id.* Dr. Longwell was served with a copy of the Complaint on October 28, 2019. Dkt. 19.

The Plaintiff asserts the following claims against Dr. Longwell, the moving Defendant here: (1) false imprisonment, (2) violation of RCW 71.09.070(5), (3) negligence (while the Complaint does not specifically identify Dr. Longwell as one of the Defendants the Plaintiff is asserting this claim against, he later references her actions in his discussion of the claim) and (4) violation of his due process rights under the Fourteenth Amendment of the U.S. Constitution

pursuant to 42 U.S.C. § 1983. Dkt. 1-2. The Plaintiff seeks damages, attorneys' fees and costs. *Id.*

**D. PENDING MOTION**

Dr. Longwell argues that the state law claims asserted against her should be dismissed (1) as barred by the statutes of limitation and (2) Plaintiffs' claim for violation of RCW 71.090.070(5) should additionally be dismissed because the statute did not exist in August of 2008; the statute applies to annual evaluations, not pre-petition filing mental health records reviews like the one done by Dr. Longwell here; as to the assertion that she was not a licensed psychologist at the time, the Court should take judicial notice of her publicly available licensing information, and that the Plaintiff and his counsel knew of and had an opportunity to challenge her qualifications at the probable cause hearing. Dkt. 17. Dr. Longwell argues that the federal constitutional claims asserted against her should be dismissed because the Plaintiff fails to allege facts to support claims that Dr. Longwell violated his due process rights and, on the facts alleged, the claims should be dismissed because the pre-petition filing mental health records review does not invoke a protected liberty interest. *Id.*

The Plaintiff responds and opposes the motion. Dkt. 20. He asserts that the statutes of limitation for the state claims was tolled under RCW 4.16.190. *Id.* The Plaintiff argues further that the motion to dismiss is "actually a summary judgment motion and should be denied on this basis alone." *Id.* He asserts that he should be permitted to engage in discovery as to whether Dr. Longwell actually had her Washington State psychologist license and whether she "was contracted" with Washington State Department of Social and Health Services on August 4, 2008 when she created her report. *Id.* The Plaintiff argues that he is also concerned "with the standard of Dr. Longwell's expert witness care to classify him as an SVP." *Id.,* at 3-4. He generally

asserts that the remaining claims "have been adequately stated." *Id.,* at 6. The Plaintiff explains that he is asserting claims against all the Defendants for violations of his Fourteenth Amendment rights to due process; as it relates to Dr. Longwell, he argues that:

> As defendant Longwell was allegedly contracted with the state of Washington DSHS at the time of her expert witness evaluation of plaintiff, her evaluation and classification of plaintiff resulted in his nine-year commitment at SCC. Defendant Longwell is not named specifically in these claims, but as an alleged state of Washington psychologist and SVP expert her involvement and testimony allowed for ensuing due process violations.

*Id.*

Dr. Longwell replied (Dkt. 22) and the motion is ripe for decision.

### E. ORGANIZATION OF OPINION

This opinion will first provide the standard on the motion to dismiss, discuss Dr. Longwell's request to take judicial notice of her license, and Plaintiff's argument that more discovery is needed. The opinion will turn to whether the state law claims are barred by the statutes of limitation, whether there are additional grounds to dismiss the state law claim for violation of RCW 71.09.070(5), and then address whether the federal claims should be dismissed.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Dismissals under Rule 12(b)(6) for failure to state a claim should ordinarily be without prejudice. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id*.

**B. REQUESTS FOR JUDICIAL NOTICE AND FURTHER DISCOVERY**

While Dr. Longwell asks the Court to take judicial notice of the public records relating to her Washington State psychologist license, it is unnecessary to decide this motion. Likewise, the Plaintiff's contention, that further discovery is needed to decide this motion, is without merit. As stated below, the Plaintiff's state law claims are barred by the statutes of limitation and he has failed to plead a federal constitutional claim against Dr. Longwell.

**C. STATE LAW CLAIMS AND STATUTES OF LIMITATION**

Under Washington law, the Plaintiff must bring his claim for false imprisonment within two years, RCW 4.16.100, his claim for negligence within three years, RCW 4.16.080(2) and, (to the extent there is a private right of action) his claim for violations of RCW 71.09.070(5) within three years RCW 4.16.080(2). The statute of limitation begins to run when a claim accrues. *Allen v. State,* 118 Wash.2d 753, 826 (1992). "[A] cause of action accrues when the Plaintiff knew or should have known the essential elements of the clause of action." *Id*.

Plaintiff's state law claims of false imprisonment, negligence, and violation of RCW 71.09.070(5), asserted against Dr. Longwell, should be dismissed with prejudice because they are barred by the statute of limitations. At the latest, these claims accrued no later than his September 2008 probable cause hearing when the Plaintiff knew of, or should have known of, the basis of his state claims against Dr. Longwell. *Allen,* at 826; *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004)(holding false imprisonment, intention or negligent infliction of emotional distress, and negligent training claims under Washington law accrued on the date when the plaintiff was arrested and knew the factual basis of his claims). Accordingly, his claim for false imprisonment was barred in September of 2010 and the negligence claim and violation of RCW 71.09.070(5) claim were barred in September of 2011; several years before this case was filed in 2019.

The Plaintiff points to the tolling provisions in RCW 4.16.190. Dkt. 20, at 5-6. He asserts that "[w]hen defendant Longwell reviewed the plaintiff's records in [sic] on August 4, 2008, the Plaintiff was imprisoned at the Department of Corrections Airway Heights awaiting trial." RCW 4.16.190 provides, in pertinent part, that "if a person entitled to bring an action . . . be at the time the cause of action accrued . . . imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of action."

At the time of the probable cause hearing, the Plaintiff was not "imprisoned on a criminal charge prior to sentencing." According to his Complaint, he had served his criminal sentence as of 20 August 2008. Commitment proceedings to determine if someone is a sexually violent predator are not criminal proceedings. "[A] SVP commitment is a civil proceeding and the SVP statute is resolutely civil." *Matter of Det. of Belcher*, 196 Wn. App. 592, 606 (2016), aff'd, 189

Wn.2d 280, 399 P.3d 1179 (2017)(*internal quotation marks and citations omitted*). The tolling provision in RCW 4.16.190 does not apply.

Dr. Longwell's motion to dismiss the state law claims (Dkt. 17) should be granted. Plaintiff's state law claims should be dismissed as barred by the statute of limitations.

### D. STATE CLAIM FOR VIOLATION OF RCW 71.09.070(5)

The statute at issue, RCW 71.09.070, provides, in part:

> (1) Each person committed under this chapter shall have a current examination of his or her mental condition made by the department at least once every year.
>
> (2) The evaluator must prepare a report that includes consideration of whether:
>
> > (a) The committed person currently meets the definition of a sexually violent predator;
> >
> > (b) Conditional release to a less restrictive alternative is in the best interest of the person; and
> >
> > (c) Conditions can be imposed that would adequately protect the community.
>
> (3) The department, on request of the committed person, shall allow a record of the annual review interview to be preserved by audio recording and made available to the committed person.
>
> (4) The evaluator must indicate in the report whether the committed person participated in the interview and examination.
>
> (5) The department shall file the report with the court that committed the person under this chapter. The report shall be in the form of a declaration or certification in compliance with the requirements of chapter 5.50 RCW and shall be prepared by a professionally qualified person as defined by rules adopted by the secretary. A copy of the report shall be served on the prosecuting agency involved in the initial commitment and upon the committed person and his or her counsel. . .

RCW 71.09.070 (1)-(5).

Dr. Longwell's motion to dismiss the claim for violation of RCW 71.09.070(5) on additional grounds (Dkt. 17) should be granted. The Plaintiff fails to address Dr. Longwell's

argument that at the time of her August 2008 evaluation, RCW 71.09.070(5) did not exist. Further, the Plaintiff's Complaint alleges that the evaluation was done on August 4, 2008 to start the pre-petition proceedings. The statute specifically provides that it applies to a "person committed" under the sexually violent predator civil commitment statute. The Plaintiff was not even arguably "committed" until after the probable cause hearing in September of 2008. Based on the allegations in the Complaint, this statute does not apply.

Even if RCW 71.09.070(5) did exist at the time and it did apply (he had been committed), it is not clear that the statute contains an express or implied private right of action as a result of a violation of RCW 71.09.070(5). "Not every duty imposed by statute is an actionable tort." *Keodalah v. Allstate Ins. Co.*, 449 P.3d 1040, 1045 (Wash. 2019). The motion to dismiss Plaintiff's claim against Dr. Longwell for violation of RCW 71.09.070(5) (Dkt. 17) should be granted because the statute did not exist at the time, even if it had, it would not apply, and it is not clear that there is an express or implied right of action.

### E. FEDERAL DUE PROCESS CLAIMS ASSERTED PURSUANT TO 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of

official participation in civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

As to claims the Plaintiff's constitutional claims against Dr. Longwell, Plaintiff fails to point to any action or inaction she took which caused him to be deprived of a constitutional right. Plaintiff makes no allegation that any of Dr. Longwell personally participated in a deprivation. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's constitutional claims asserted against Dr. Longwell should be dismissed for lack of personal participation.

Moreover, the Plaintiff has failed to allege facts to support a claim that Dr. Longwell deprived him of his procedural or substantive due process rights. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007)(*aff'd sub nom. Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008)).

To the extent that the Plaintiff attempts to assert that Dr. Longwell's August 4, 2008 mental health records review violated either procedural due process or substantive due process because it caused him to lose his liberty, the claims should be dismissed. "RCW 71.09.025 does not impose a deprivation on [a person's] liberty." *Leck v. Strong*, 2016 WL 3023895, at *6 (W.D. Wash. Apr. 15, 2016)(Report and Recommendation Adopted, 2016 WL 3000341 (W.D. Wash. May 25, 2016)). The statute provides a procedure for notifying and referring a potential SVP to "the prosecuting authority, and does not deprive [an individual] of any liberty, nor does it impact whether an individual is found to be a SVP or any trial proceedings." *Id.* Plaintiff's

federal claims against Dr. Longwell should be dismissed because he fails to allege that Dr. Longwell deprived him of "life, liberty or property" or other interest protected by the Due Process Clause.

### F. AMENDMENT

The Plaintiff should not be granted leave to amend the complaint as to the claims asserted against Dr. Longwell. Any amendment would be futile in saving the Plaintiff's claims against Dr. Longwell. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015)(*noting* that "although leave to amend shall be freely given when justice so requires, it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit").

### G. CONCLUSION

The Plaintiff's claims asserted against Dr. Longwell should be dismissed with prejudice and without leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Motion to Dismiss Defendant Kathleen Longwell, Ph.D. (Dkt. 17) **IS GRANTED**; all claims asserted against Dr. Longwell **ARE DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of December, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO DISMISS DEFENDANT KATHLEEN LONGWELL, PH.D. - 13