UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE McREYNOLDS,<br><br>       Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; SPECIAL COMMITMENT CENTER AT McNEIL ISLAND; KATHLEEN LONGWELL; CONRADA VILLA-McGRATH; BRUCE DUTHIE; DAN FESSLER; BRUCE SHAMULKA; JAMES BUDER; KIMBERLY ACKER; HENRY RICHARDS; BRENNA NELSON,<br><br>       Defendants. | CASE NO. 19-5708 RJB-DWC<br><br>ORDER ON MOTIONS TO DISMISS DEFENDANTS DAN FESSLER AND BRENNA NELSON |

  This matter comes before the Court on Defendant Dan Fessler's Motion to Dismiss (Dkt. 24) and Defendant Brenna Nelson's Motion to Dismiss (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

ORDER ON MOTIONS TO DISMISS DEFENDANTS DAN FESSLER AND BRENNA NELSON - 1

Originally filed in Pierce County, Washington, Superior Court, this case arises from the alleged improper detention of Plaintiff Jesse McReynolds as a Sexually Violent Predator ("SVP") at the Special Commitment Center on McNeil Island Washington for nine years. Dkt. 1-2. Defendant Dan Fessler is alleged to be the "Chief of Yakima County's Department of Assigned Counsel," who oversees public defenders in Yakima County," and Defendant Brenna Nelson is alleged to be "the prosecutor at Yakima County Prosecutor's Office assigned to Plaintiff's case." *Id.* Defendants Fessler and Nelson now move for dismissal of the claims against them. Dkts. 24 and 26. For the reasons provided below, their motions (Dkts. 24 and 26) should be granted.

## I.  FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

As is relevant to the pending motions, the Complaint asserts that Plaintiff McReynolds was arrested for attempted second-degree kidnapping of an 11-year old girl on March 23, 2007. Dkt. 1-2, at 4. He asserts that he did not commit the crime but, "wanted to move forward with his life," so on March 11, 2008, he entered a plea of guilt pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) and received a 17-month sentence. Dkt. 1-2, at 5.

### B. CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS IN WASHINGTON AND ALLEGATIONS IN THE COMPLAINT RELATING TO PLAINTIFF'S CIVIL COMMITMENT

In 1990, the Washington "legislature created an involuntary civil commitment scheme for individuals deemed sexually violent predators." *In re Det. of Lewis*, 163 Wn.2d 188, 192 (2008). Under Washington law, a "sexually violent predator" is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or

personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW § 71.09.020(18).

1. <u>Department of Corrections makes a Referral to Prosecutors or the Attorney General; Referral includes Records</u>

Washington law provides that when it appears to agencies, like the Department of Corrections here, that a person may meet the criteria of a sexually violent predator, that agency "shall refer the person in writing" to the prosecuting attorney and attorney general. RCW § 71.09.025(1)(a). When making the referral, the Department of Corrections is required to provide the prosecutor or attorney general with relevant information including: institutional records, "records relating to the psychological or psychiatric evaluation and/or treatment of the person," records relating to prior arrests and convictions, and a "current mental health evaluation or mental health records review." RCW § 71.09.025(1)(b). The statute further provides that, "the agency, its employees and officials shall be immune from liability for any good-faith conduct under this section." RCW § 71.09.025(2).

The now dismissed Defendant Dr. Kathleen Longwell, is alleged to have conducted the "mental health records review" under RCW § 71.09.025(1)(b) on August 4, 2008, which the Department of Corrections gave to the prosecuting authority regarding the possibility that the Plaintiff was a sexually violent predator. Dkt. 1-2. The Complaint alleges that on August 4, 2008, Dr. Longwell "who was not licensed[,] conducted an evaluation of [Plaintiff] McReynolds at the request of the DOC, an entity of defendant State of Washington, and Defendant Villa-McGrath." Dkt. 1-2, at 5. The Complaint asserts that "Dr. Longwell did not perform any tests on McReynolds, but based on records review of his past convictions, Longwell stated with certainty that McReynolds suffers from pedophilia." *Id.* The Complaint maintains that Dr. Longwell's "unqualified SVP evaluation[,] made without scientific methods[,] detained Plaintiff

at [the Special Commitment Center] for nine years." Dkt. 1-2, at 8. It alleges that Dr. Longwell "was unlicensed and conducted a psychological evaluation without ever speaking to Plaintiff. She also classified Plaintiff as having pedophilia without using or meeting the standard of care for making such a diagnosis." *Id.* Dr. Longwell was not alleged to have had a further role in Plaintiff's commitment.

### 2. After Referral, Prosecutors may Petition Court for Civil Commitment; Petition Triggers Probable Cause Determination;

Under Washington's statutory scheme, after receiving a referral from the Department of Corrections, as is alleged to have occurred here, under RCW § 71.09.030, "prosecutors may petition for indefinite civil commitment when a convicted sex offender is about to be released from confinement, among other circumstances." *State v. McCuistion*, 174 Wn.2d 369, 379 (2012)(*citing* RCW 71.09.030). The filing of such a petition triggers a probable cause determination by a judge. RCW 71.09.040(1). If a judge finds that "probable cause exists to believe that the person named in the petition is a sexually violent predator" . . . "the judge shall direct that the person be taken into custody and notify the office of public defense of the potential need for representation." RCW 71.09.040(1).

The Complaint alleges that while the Plaintiff was due to be released from custody on August 20, 2008, on August 19, 2008, "the State filed a Petition for Civil Commitment based on the arrest of McReynolds in 2007." Dkt. 1-2, at 5. The Complaint asserts that "[o]n August 20, 2008[,] upon orders from the assistant Attorney General James Thudher, Yakima County Sheriff's [sic] took McReynolds to Yakima County Department of Corrections and placed him in its jail." Dkt. 1-2, at 6.

Washington's statute provides the next steps under RCW 71.09.040(2):

> Within seventy-two hours after a person is taken into custody . . . the court shall provide the person with notice of, and an opportunity to appear in person at, a hearing to contest probable cause as to whether the person is a sexually violent predator. In order to assist the person at the hearing, within twenty-four hours of service of the petition, the prosecuting agency shall provide to the person or his or her counsel a copy of all materials provided to the prosecuting agency by the referring agency pursuant to RCW 71.09.025, or obtained by the prosecuting agency pursuant to RCW 71.09.025(1) (c) and (d). . .

The Complaint alleges that a couple of days after the Plaintiff was transferred to the Yakima County Jail, he "was taken before the judge for a probable cause hearing. He is not assigned counsel, so the judge continues the hearing." Dkt. 1-2, at 6. The Complaint maintains that he was not assigned counsel until "one or two weeks after August 20, 2008." *Id.* It asserts that the "Yakima County Public Defender was required to provide the indigent plaintiff with an attorney. During the probable cause hearing, plaintiff's counsel failed to appear, and the Court continued his hearing." Dkt. 1-2, at 13. The Complaint asserts that one of the moving parties here, Dan Fessler "appeared in the second probable cause hearing and indicated he would continue representing [the Plaintiff] until he found [P]laintiff a counsel. By the fourth probable cause hearing, [P]laintiff agreed to be represented by defendant Bruce Shamulka, a public defender from King County, Washington." Dkt. 1-2, at 13.

### 3. If Probable Cause is Still Found after Contested Hearing, a Full Trial is Held

If after the contested probable cause hearing, the judge determines that probable cause still "exists to believe that the person named in the petition is a sexually violent predator," then the person is "transferred to the custody of the Department of Social and Health Services for placement in a total confinement facility." RCW 71.09.040(1)-(4). The probable cause determination is "followed by a full evidentiary trial, at which the individual enjoys a panoply of procedural protections, and the fact finder must determine, beyond a reasonable doubt, whether

the individual meets the definition of a [sexually violent predator]." *Id.* (*citing* RCW 71.09.050-.060).

The Complaint alleges that the Plaintiff was transferred to the Special Commitment Center in January of 2009. Dkt. 1-2, at 6. It maintains that Plaintiff was held at the Special Commitment Center for nine years without a civil commitment trial. Dkt. 1-2, at 6. The Complaint alleges that between September 2014 and March 2015, experts conducted tests, "all of which concluded that there was no indication of clinically significant sexual arousals toward children." *Id.* It asserts that in "February of 2017, a psychiatric evaluation conducted by Dr. Abbott stated that McReynolds had not demonstrated institutional signs of pedophilic interest since his 2008 incarceration. Due to this psychological assessment and the medical records from October 17, 2006 that document[ed] his alibi, it was concluded that McReynolds no longer posed a threat." *Id.,* at 6-7.

The Complaint maintains that "on June 26, 2017, the court granted McReynolds' motion for summary judgment . . . due to lack of evidence and the inability of the psychiatrist to testify that he was a danger to the community." *Id.* It states that he was released that same day, June 26, 2017. *Id.* He alleges that he has suffered "ongoing emotional distress." *Id.*

**C. PROCEDURAL HISTORY**

This case was removed on July 31, 2019 based on the federal questions raised in this case. Dkt. 1. The removing Defendants were the State of Washington; Washington State Department of Social and Health Services; Special Commitment Center at McNeil Island; and James Buder; they were the only Defendants alleged to have been served at the time of removal. *Id.*

The Plaintiff asserts the following claims against Defendant Dan Fessler, one of the moving Defendants here: (1) false imprisonment, asserting that Fessler "held him without assigning counsel or giving him a probable cause hearing," and (2) violation of his due process rights under the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983 because "Plaintiff was not given counsel within 72 hours and waited over a week for the Court to appoint [King County lawyer Bruce] Shamulka, in violation of RCW 71.09.040(2)." Dkt. 1-2. The Plaintiff asserts the following claim against Defendant Brenna Nelson, the other moving party here: (1) violation of his due process rights because "RCW 71.09.040(2) also creates a procedural due process right to be provided counsel appointed by the prosecuting agency within twenty-four hours of service of the petition." Dkt. 1-2. The Plaintiff seeks damages, attorneys' fees and costs. *Id.*

**D. PENDING MOTIONS**

Defendant Fessler moves the Court to take judicial notice of several documents that he asserts are part of the Yakima County, Washington Superior Court file in Plaintiff's commitment proceedings, *In re the Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case 08-2-03259-0. Dkt. 24, at . He then argues that (1) the state law claim of false imprisonment asserted against him should be dismissed as barred by the statutes of limitation and (2) Plaintiffs' claim for violation of due process should be dismissed because public defenders do not "act the color of state law" (for purposes of 42 U.S.C. §1983) when performing a lawyer's traditional function as counsel under *Polk County v. Dodson,* 454 U.S. 321 (1981). Dkt. 24.

The Plaintiff responds and opposes the motion. Dkt. 28. He maintains that the motion to dismiss is a summary judgment motion due to the attachments, of which he asserts the Court should not judicially notice. *Id.* The Plaintiff argues that the statutes of limitation for the state

claims should be tolled under RCW 4.16.190.  *Id.*  Although the Plaintiff urges the Court to deny the motion to dismiss his federal constitutional claims and asserts that he wants to "preserve the issue for appeal," he states, "he has not found any United States Supreme Court or Ninth Circuit authority that would undermine the holding in *Polk v. Dodson*, 454 U.S. 312 (1981)."  *Id.*

Defendant Fessler filed a reply (Dkt. 30) and the motion is ripe for review.

Defendant Nelson also moves for the court to take judicial notice of the Plaintiff's court file in his Yakima County, Washington civil commitment proceedings, *In re the Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case 08-2-03259-0.  Dkt. 26, at 13-49.  She argues that there are no allegations that she personally participated in a deprivation of Plaintiff's constitutional rights.  Dkt. 26.  She points out that the Complaint alleges that the State, and not the Yakima County Prosecutor's office, filed the petition to have the Plaintiff involuntarily committed as a sexually violent predator.  *Id.*  Defendant Nelson maintains that, to the extent that the Plaintiff is attempting to sue her in her official capacity, those claims should be dismissed.  *Id.*

The Plaintiff responds and opposes the motion.  Dkt. 29.  He again argues the that the Court should not take judicial notice of the pleadings alleged to be a part of his Yakima County, Washington civil commitment file.  *Id.*  Although the Complaint does not make a claim against Defendant Nelson for false imprisonment, in his response, the Plaintiff again discusses the statute of limitations and maintains that it should be tolled.  *Id.*  He states that he is asserting a due process claim against Nelson in her individual capacity, not in her official capacity.  *Id.*  He then generally asserts that the remaining claims have been adequately stated.  *Id*.

Defendant Nelson replied (Dkt. 31) and the motion is ripe for decision.

**E. ORGANIZATION OF OPINION**

This opinion will first provide the standard on the motion to dismiss, discuss Defendants' request to take judicial notice of pleadings *In re the Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case 08-2-03259-0. The opinion will turn to whether the state law claims are barred by the statutes of limitation and then address whether the federal claims should be dismissed.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Dismissals under Rule 12(b)(6) for failure to state a claim should ordinarily be without prejudice. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.*

### B. REQUESTS FOR JUDICIAL NOTICE AND FURTHER DISCOVERY

In reviewing a motion to dismiss for failure to state a claim as is the case here, the court is generally limited to review of "the face of the complaint, materials incorporated into the complaint by reference," and matters of which judicial notice may be taken. *In re Rigel Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012). "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* (*internal quotations omitted*). Pursuant Fed. R. Evid. 201 (b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

The Defendants' motion for the Court to judicially notice the documents from the Plaintiff's civil commitment proceedings, attached to their motions to dismiss *In re the Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case 08-2-03259-0 (Dkts. 24 and 28) should be granted. Each of these are public records and the facts noticed by the undersigned are "not subject to reasonable dispute." *In re Rigel,* at 876. While the Plaintiff argues that they could be the "subject matter of dispute," he raises no reasonable objection to them. As Yakima County, Washington Superior Court filings, they are "readily verifiable and therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

They are the following pleadings: (1) August 19, 2008 Petition for the Plaintiff's "involuntary civil commitment" as a "sexually violent predator," filed by a Washington State

Assistant Attorney General (filed in this case at Dkt. 24, at 13-14), (2) August 19, 2008 Motion for Order Determining Existence of Probable Cause, Directing Issuance of Warrant for Respondent's Custodial Detention, and Setting Probable Cause Hearing (Dkt. 24, at 15) filed by a Washington State Assistant Attorney General, (3) August 19, 2008 Yakima County, Washington Superior Court Order Determining Existence of Probable Cause, Directing Issuance of Warrant for Respondent's Custodial Detention, and Setting Probable Cause Hearing (Dkt. 24, at 17-18), (4) August 19, 2008 Yakima County, Washington Superior Court Order of Transport (Dkt. 24, at 20), (5) August 22, 2008 Waiver of Time for Probable Cause Hearing, in which the Plaintiff waived his "right to have the adversarial probable cause hearing held within 72 hours of his arrest;" and waived his "right to be held at the Yakima County Jail for no longer than seven days during these proceedings" (Dkt. 24, at 23-24), (6) August 22, 2008 Agreed Order Continuing Probable Cause Hearing (Dkt. 24, at 26-27), (7) Plaintiff's August 29, 2008 Waiver of Time for Probable Cause Hearing (Dkt. 24, at 29-30), (8) August 29, 2008 Agreed Order Continuing Probable Cause Hearing (Dkt. 24, at 32-33), (9) August 29, 2008 Respondent's Motion for Appointment of Additional Counsel (filed by Dan Fessler on behalf of the Plaintiff) (Dkt. 24, at 35-40), (10) August 29, 2008 Yakima County, Washington Superior Court Finding of Good Cause and Order Approving Additional Counsel on Behalf of Respondent (Dkt. 24, at 42-43), (11) August 29, 2008 Yakima County, Washington Superior Court Order Appointing Additional Lawyer at Public Expense, which appointed Society of Counsel Representing Accused Persons ("SCRAP") to represent the Plaintiff at public expense, (Dkt. 24, at 45-46) and (12) August 29, 2008 Notice of Appearance and Request for Discovery of SCRAP lawyers, Bruce Shamulka and Lin-Marie Nacht, for the Plaintiff (Dkt. 24, at 48-50).

**C. STATE LAW CLAIMS AND STATUTES OF LIMITATION**

Under Washington law, the Plaintiff must bring his claim for false imprisonment within two years, RCW 4.16.100, and (to the extent there is a private right of action and to the extent he asserts one) his claim for violation of RCW 71.09.040(2) must be brought within three years, RCW 4.16.080(2). The statute of limitation begins to run when a claim accrues. *Allen v. State,* 118 Wash.2d 753, 826 (1992). "[A] cause of action accrues when the Plaintiff knew or should have known the essential elements of the clause of action." *Id.*

Plaintiff's state law claims of false imprisonment and violation of RCW 71.09.070(5), asserted against Defendants Fessler and Nelson (to the extent he makes those claims against her), should be dismissed with prejudice because they are barred by the statute of limitations. At the latest, these claims accrued no later than his September 2008 probable cause hearing when the Plaintiff knew of, or should have known of, the basis of his state claims. *Allen,* at 826; *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004)(holding false imprisonment, intention or negligent infliction of emotional distress, and negligent training claims under Washington law accrued on the date when the plaintiff was arrested and knew the factual basis of his claims). Accordingly, his claim for false imprisonment was barred in September of 2010 and the claim for violation of RCW 71.09.040(2) was barred in September of 2011; several years before this case was filed in 2019.

The Plaintiff points to the tolling provisions in RCW 4.16.190. Dkt. 20, at 5-6. He asserts that when Defendants Fessler and Nelson acted (or failed to act) the Plaintiff was imprisoned at the Yakima County Jail awaiting trial. RCW 4.16.190 provides, in pertinent part, that "if a person entitled to bring an action . . . be at the time the cause of action accrued . . . imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of action."

ORDER ON MOTIONS TO DISMISS DEFENDANTS DAN FESSLER AND BRENNA NELSON - 12

At the time of the probable cause hearing, the Plaintiff was not "imprisoned on a criminal charge prior to sentencing." According to his Complaint, he had served his criminal sentence as of August 20, 2008. Dkt. 1-2. Commitment proceedings to determine if someone is a sexually violent predator are not criminal proceedings. "[A] SVP commitment is a civil proceeding and the SVP statute is resolutely civil." *Matter of Det. of Belcher*, 196 Wn. App. 592, 606 (2016), aff'd, 189 Wn.2d 280, 399 P.3d 1179 (2017)(*internal quotation marks and citations omitted*). The tolling provision in RCW 4.16.190 does not apply.

Moreover, as it relates to Defendant Nelson, RCW 71.09.040(2) provides, in part, that "[i]n order to assist the person at the hearing, within twenty-four hours of service of the petition, the prosecuting agency shall provide to the person or his or her counsel a copy of all materials provided to the prosecuting agency by the referring agency pursuant to RCW 71.09.025, or obtained by the prosecuting agency pursuant to RCW 71.09.025(1) (c) and (d)." The Complaint alleges that the State of Washington is the "prosecuting agency" here, not the Yakima County, Washington Prosecutor's Office. Indeed, the August 19, 2008 Petition for the Plaintiff's "involuntary civil commitment" as a "sexually violent predator," was filed by a Washington State Assistant Attorney General (filed in this case at Dkt. 24, at 13-14) as was the August 19, 2008 Motion for Order Determining Existence of Probable Cause, Directing Issuance of Warrant for Respondent's Custodial Detention, and Setting Probable Cause Hearing (Dkt. 24, at 15).

Defendants Fessler and Nelson's motion to dismiss the state law claims asserted against them (Dkts. 24 and 26) should be granted.

**D. FEDERAL DUE PROCESS CLAIMS ASSERTED PURSUANT TO 42 U.S.C. § 1983**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2)

the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

As acknowledged by the Plaintiff in his response, pursuant to *Polk v. Dodson*, 454 U.S. 312 (1981), the Plaintiff's constitutional claims against Defendant Fessler should be dismissed with prejudice.

As to the Plaintiff constitutional claims against Defendant Nelson, the Plaintiff fails to point to any action or inaction she took which caused him to be deprived of a constitutional right. Plaintiff makes no allegation that Defendant Nelson personally participated in a deprivation. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's constitutional claims asserted against Defendant Nelson should be dismissed for lack of personal participation.

### E. AMENDMENT

The Plaintiff should not be granted leave to amend the complaint as to the claims asserted against Defendants Fessler. Any amendment would be futile in saving the Plaintiff's claims. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015)(*noting* that "although leave to amend shall be freely given when justice so requires, it may be denied if the

proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit"). His state claims are time-barred and his federal claims are precluded by *Polk*.

The Plaintiff asserts that he should be able to file an amended complaint to attempt to state claims against Defendant Nelson. The Plaintiff fails to attach a proposed amended complaint and does not indicate what additional allegations (if any) he would make against Defendant Nelson. He has no motion pending.

### F. CONCLUSION

The Plaintiff's claims asserted against Defendants Fessler and Nelson should be dismissed. The dismissal as to Defendant Fessler should be without leave to amend.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Dan Fessler's Motion to Dismiss (Dkt. 24) **IS GRANTED**; all claims asserted against Dan Fessler **ARE DISMISSED AND WITHOUT LEAVE TO AMEND;** and

- Defendant Brenna Nelson's Motion to Dismiss (Dkt. 26) **IS GRANTED**; all claims asserted against Brenna Nelson **ARE DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of April, 2020.

ROBERT J. BRYAN
United States District Judge