1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| JESSE McREYNOLDS, | CASE NO. 19-5708 RJB-DWC |
| Plaintiff, | ORDER ON STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; SPECIAL COMMITMENT CENTER AT McNEIL ISLAND; KATHLEEN LONGWELL; CONRADA VILLA-McGRATH; BRUCE DUTHIE; DAN FESSLER; BRUCE SHAMULKA; JAMES BUDER; KIMBERLY ACKER; HENRY RICHARDS; BRENNA NELSON, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19

20        This matter comes before the Court on Defendants State of Washington, Department of

21  Corrections ("DOC") (while not named in the Complaint's caption, claims are asserted against

22  DOC), Washington State Department of Social and Health Services ("DSHS"), Special

23  Commitment Center at McNeil Island ("SCC"), Conrada Villa-McGrath, Bruce Duthie, James K.

24

Buder, Kimberly Acker, and Henry Richards' (collectively "State Defendants") Motion for Summary Judgment (Dkt. 35), motion for judicial notice (Dkt. 35), and motion to strike (Dkt. 40).  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Originally filed in Pierce County, Washington, Superior Court, this case arises from the alleged improper detention of Plaintiff Jesse McReynolds as a Sexually Violent Predator ("SVP") at the SCC for nine years.  Dkt. 1-2.  Claims against Defendants Dr. Kathleen Longwell, Dan Fessler, and Brenna Nelson have been dismissed.  Dkts. 23 and 32.

The State Defendants[1] now move for summary judgment of the claims asserted against them.  Dkt. 35.  For the reasons provided below, the motion for summary judgment (Dkt. 35) and the motion for judicial notice (Dkt. 35) should be granted and the motion to strike (Dkt. 40) should be denied without prejudice.

This opinion will first consider the motion for judicial notice and the motion to strike because both determine the facts to be considered in the motion for summary judgment.

## MOTION FOR JUDICIAL NOTICE

The State Defendants ask the Court to take judicial notice of the case file in Plaintiff's civil SVP commitment case, *In re Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case number 08-2-03259-0, filed in the record at Dkts 24 and 36.

Pursuant Fed. R. Evid. 201(b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

---

[1] The individual moving Defendants are alleged to hold the following positions within various State agencies: Conrada Villa-McGrath, DOC classification counselor, Kimberly Acker, DOC end of sentence review manager, Bruce Duthie, SCC employee "responsible for assigning, interviewing, and collecting completed forensic evaluations and billing statements," James Buder, Assistant Attorney General, and Henry Richards, SCC Superintendent.

jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

The Defendants' motion for the Court to judicially notice the documents from the Plaintiff's civil commitment proceedings, *In re the Detention of Jesse McReynolds,* Yakima County, Washington Superior Court case 08-2-03259-0, should be granted. Each of these documents are public records and the facts noticed by the undersigned are "not subject to reasonable dispute."  *In re Rigel,* at 876.  As Yakima County, Washington Superior Court filings, they are "readily verifiable and therefore, the proper subject of judicial notice."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  The court has already taken judicial notice of several of these documents in the order dismissing Defendants Fessler and Nelson.  Dkt. 32.

The Court will also take judicial notice of documents filed in the Washington State Court of Appeals case *In the Matter of the Personal Restraint of Jesse McReynolds,* Washington State Court of Appeals, Div. III case number 27946-4-III, and in the Plaintiff's habeas corpus case, *McReynolds v. Strong*, U.S. District Court for the Eastern District of Washington case number 2:13-cv-03133-TOR.

**MOTION TO STRIKE**

The State Defendants move to strike various portions of the Declaration of Jesse McReynolds (Dkt. 39) as hearsay and lack foundation and move to strike portions of the Plaintiff's response brief as unsupported by the record.

1    The State Defendants' motion to strike (Dkt. 40) should be denied without prejudice.

2  The portions of the Plaintiff's Declaration to which the Defendants objection are of marginal

3  relevance to the issues considered in this motion.  Further, the Court will consider the Plaintiff's

4  response brief; arguments which are not supported by evidence go to the weight of the argument.

5                          **MOTION FOR SUMMARY JUDGMENT**

6                     I.      <u>**FACTS AND PROCEDURAL HISTORY**</u>

7    **A.  BACKGROUND FACTS**

8    Plaintiff McReynolds was arrested for attempted second-degree kidnapping with sexual

9  motivation, luring of a child, and indecent exposure on March 23, 2007; the victim was alleged

10 to be an 11-year old girl.  Dkt. 36-1, at 9.  Plaintiff asserts that he did not commit the crime but,

11 "wanted to move forward with his life," (Dkt. 1-2, at 5) so on March 11, 2008, he entered a plea

12 of guilt to attempted second-degree kidnapping, luring of a child, and indecent exposure charges

13 pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) and received a 17-month sentence.

14 Dkt. 36-1, at 9.

15   **B.  CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS IN**
     **WASHINGTON AND PLAINTIFF'S CIVIL COMMITMENT PROCEEDINGS**

16

17    In 1990, the Washington "legislature created an involuntary civil commitment scheme for

18 individuals deemed sexually violent predators."  *In re Det. of Lewis*, 163 Wn.2d 188, 192 (2008).

19 Under Washington law, a "sexually violent predator" is "any person who has been convicted of

20 or charged with a crime of sexual violence and who suffers from a mental abnormality or

21 personality disorder which makes the person likely to engage in predatory acts of sexual violence

22 if not confined in a secure facility."  RCW § 71.09.020(18).

23               1.   <u>DOC makes a Referral to Prosecutors or the Attorney General; Referral</u>
                      <u>includes Records</u>

24

ORDER ON STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

Washington law provides that when it appears to agencies, like the DOC here, that a person may meet the criteria of a sexually violent predator, that agency "shall refer the person in writing" to the prosecuting attorney and attorney general.  RCW § 71.09.025(1)(a).  When making the referral, the DOC is required to provide the prosecutor or attorney general with relevant information including: institutional records, "records relating to the psychological or psychiatric evaluation and/or treatment of the person," records relating to prior arrests and convictions, and a "current mental health evaluation or mental health records review."  RCW § 71.09.025(1)(b).  The statute further provides that, "the agency, its employees and officials shall be immune from liability for any good-faith conduct under this section." RCW § 71.09.025(2).

According to the Plaintiff, when he was taken into DOC custody to serve his 2008 sentence, he was evaluated by Defendant Conrada Villa-McGrath, a DOC classification counselor, and was improperly found not eligible for good time credits.  Dkt. 39, at 2.  The now dismissed Defendant Dr. Kathleen Longwell, was alleged in the Complaint to have conducted a "mental health records review" under RCW § 71.09.025(1)(b) on August 4, 2008, at DOC and Defendant Villa-McGrath's request.  Dkt. 1-2, at 5.  The DOC gave Dr. Longwell's report to the prosecuting authority regarding the possibility that the Plaintiff was a sexually violent predator.  Dkt. 1-2.  Defendant Villa-McGrath was not alleged to have had a further role in Plaintiff's civil commitment.

      2.  <u>After Referral, Prosecutors may Petition Court for Civil Commitment; Petition Triggers Probable Cause Determination;</u>

Under Washington's statutory scheme, after receiving a referral from the DOC, as is alleged to have occurred here, under RCW § 71.09.030, "prosecutors may petition for indefinite civil commitment when a convicted sex offender is about to be released from confinement, among other circumstances." *State v. McCuistion*, 174 Wn.2d 369, 379 (2012)(*citing* RCW

71.09.030).  The filing of such a petition triggers a probable cause determination by a judge. RCW 71.09.040(1).  If a judge finds that "probable cause exists to believe that the person named in the petition is a sexually violent predator" . . .  "the judge shall direct that the person be taken into custody and notify the office of public defense of the potential need for representation." RCW 71.09.040(1).

On August 19, 2008, (the day before the Plaintiff was due to be released from custody after serving his sentence which resulted from his guilty plea) the State filed a Petition, ex parte, for the involuntary civil commitment of the Plaintiff as a sexually violent predator based on the March 11, 2008 attempted kidnapping offense conviction.  Dkt. 36-1, at 5.  The State indicated that it would "prove at trial, beyond a reasonable doubt, that the offense was committed with sexual motivation."  Dkt. 36-1, at 5.  In the attached Certification for Determination of Probable Cause, the State additionally pointed to Plaintiff's 2006 conviction for attempted kidnapping, 2004 conviction for communicating with a minor for immoral purposes, 2005 arrest for communication with a minor for immoral purposes, 2005 arrest for luring, and Dr. Longwell's psychological evaluation as support for its petition.  Dkt. 36-1, at 7-15.  That same day, the Yakima County Superior Court found that there was probable cause to believe the Petitioner was a sexually violent predator, he was ordered to be detained at the Yakima County Jail, and a probable cause hearing was set for August 22, 2008.  Dkt. 36-1, at 49.

Washington's statute provides the next steps under RCW 71.09.040(2):

Within seventy-two hours after a person is taken into custody . . . the court shall provide the person with notice of, and an opportunity to appear in person at, a hearing to contest probable cause as to whether the person is a sexually violent predator. In order to assist the person at the hearing, within twenty-four hours of service of the petition, the prosecuting agency shall provide to the person or his or her counsel a copy of all materials provided to the prosecuting agency by the referring agency pursuant to RCW 71.09.025, or obtained by the prosecuting agency pursuant to RCW 71.09.025(1) (c) and (d). . .

On August 22, 2008, a hearing was held.  Dkt. 36-1, at 63.  At that hearing, the Plaintiff signed a "Waiver of Time for Probable Cause Hearing."  Dkt. 36-1, at 63-64.  He was advised of his right to have a hearing with 72 hours and "waive[d] his right to have the adversarial probable cause hearing through August 29, 2008."  *Id.*  On August 29, 2008, the Plaintiff signed another waiver of his right to have his probable cause hearing within 72 hours of his detention, agreeing to reset the hearing to September 15, 2008.  Dkt. 36-1, at 69-70.  On August 29, 2008, the Yakima County public defender, who was representing the Plaintiff, filed a Motion for Appointment of Additional Counsel.  Dkt. 36-1, at 72-77.  The superior court granted the motion and approved additional counsel for Plaintiff from the Society of Counsel Representing Accused Persons ("SCRAP").  Dkt. 24, at 42-43 and 45-46.   On August 28, 2008, SCRAP attorneys Bruce Shamulka (who is also a Defendant in this case but has not appeared) and Lin-Marie Nacht filed a Notice of Appearance and Request for Discovery for the Plaintiff.  Dkt. 36-1, at 79-81.

On September 15, 2008, on Plaintiff's motion, the superior court continued the probable cause hearing to October 16, 2008.  Dkt. 36-1, at 85.  On October 9, 2008, Plaintiff filed another waiver of his right to have his probable cause hearing within 72 hours of his detention and agreed to a continuance of the waiver until December 19, 2008.  Dkt. 36-1, at 88-90.

On November 20, 2008, the contested probable cause hearing was held.  Dkt. 36-1, at 2-3.  The Plaintiff was represented by Mr. Shamulka.  *Id.*

3. <u>If Probable Cause is Still Found after the Contested Hearing, a Full Trial is to be Held</u>

Washington law provides that if, after the contested probable cause hearing, the judge determines that probable cause still "exists to believe that the person named in the petition is a

sexually violent predator," then the person is "transferred to the custody of the [DSHS] for placement in a total confinement facility." RCW 71.09.040(1)-(4).

On November 20, 2008, after the probable cause hearing, the superior court determined that there was probable cause to believe that the Plaintiff was a sexually violent predator, he was ordered to be transported to the SCC, and further evaluation of the Plaintiff was ordered if "the evaluation did not include a personal interview or testing" of the Plaintiff or if the evaluation became "stale," the Plaintiff was notified that he may be required to submit to further evaluation and a status hearing was set for April 10, 2008.  Dkt. 36-1, at 2-3.

Washington law provides the next step:  the probable cause determination is followed, within 45 days, "by a full evidentiary trial, at which the individual enjoys a panoply of procedural protections, and the fact finder must determine, beyond a reasonable doubt, whether the individual meets the definition of a [sexually violent predator]." *McCuistion*, at 379. (*citing* RCW 71.09.050-.060).  As is relevant here RCW 71.09.050 provides, "[t]he trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced."

On November 20, 2008, the Plaintiff waived his right to be tried within 45 days of the probable cause determination and agreed to extension of the trial to a date on or before April 10, 2009.  Dkt. 36-1, at 92-93.  The Plaintiff was transferred to the SCC.  Dkt. 39, at 3.

On April 7, 2009, June 16, 2009, June 7, 2010, January 11, 2012, October 26, 2012, August 22, 2013, and on July 10, 2014 the Plaintiff waived his right to a trial within 45 days of the probable cause determination and agreed to extensions of the trial date.  Dkt. 36-1, at 96, 100, 102, 104, 110, 112, 117, 122, and 127.

1    During this time, the Plaintiff filed several cases in other courts, relating in part to his

2  SVP proceedings.  He filed a personal restraint petition relating to his 2008 guilty plea and his

3  alleged improper detention under the SVP Petition with the Washington State Court of Appeals.

4  *In the Matter of the Personal Restraint of Jesse McReynolds,* Washington State Court of Appeals

5  Case number 27946-4-III.  After two trips to the Washington State Supreme Court, the

6  Washington State Court of Appeals issued the final mandate in that case on September 12, 2013.

7  *Id.*  On December 2, 2013, the Plaintiff filed a habeas corpus petition in U.S. District Court for

8  the Eastern District of Washington.  *McReynolds v. Strong*, U.S. District Court for the Eastern

9  District of Washington case number 2:13-cv-03133-TOR.

10    On November 21, 2014, the Yakima County Washington Superior Court denied the

11  Plaintiff's motion for summary judgment in the SVP case.  Dkt. 36-1, at 152.  In January of

12  2015, Defendant Assistant Attorney General Buder withdrew from the case.  Dkt. 36-1, at 154.

13    On February 19, 2015, the Plaintiff's and the State's joint motion for the superior court to

14  stay all proceedings in the SVP case pending a decision in Plaintiff's habeas corpus petition,

15  filed in *McReynolds v. Strong*, U.S. District Court for the Eastern District of Washington case

16  number 2:13-cv-03133-TOR ,was granted.  Dkt. 36-1, at 157.  After Plaintiff's habeas corpus

17  petition was denied (Dkt. 36-1, at 165-180), by agreement of the parties, on June 6, 2016, the

18  superior court lifted the stay in the SVP case on June 6, 2016 and reset the trial for July 10, 2017

19  (Dkt. 36-1, at 177-178).

20    On June 26, 2017, the superior court granted the Plaintiff's motion for summary

21  judgment and dismissed the petition. Dkt. 36-1, at 190-193.  The superior court noted that the

22  victim of the 2007 kidnapping with sexual motivation was unwilling to testify.  *Id.*  It found that

23  the Plaintiff and the victim were the only witnesses to the crime.  *Id.*  The superior court noted

24

1  that after considering the victim's unwillingness to testify, the state's expert indicates that he

2  "can no longer say to a reasonable degree of psychological certainty that [Plaintiff] is more likely

3  than not to engage in predatory acts of sexual violence."  *Id.*  Accordingly, the superior court

4  concluded that the state had "no substantively admissible evidence" to support its petition.  *Id.*

5  Plaintiff was ordered released from the SCC.  *Id.*

6  **C.  PROCEDURAL HISTORY**

7      On June 25, 2019, the Plaintiff filed this case in Pierce County Washington Superior Court.

8  This case was removed on July 31, 2019 based on the federal questions raised in this case.  Dkt.

9  1.

10      The Plaintiff asserts the following claims: (1) false imprisonment, (2) negligence, (3)

11  violation of RCW 71.09.070(5), (4) violation RCW 71.09.060, and (5) violation of his due

12  process rights under the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. §

13  1983.  Dkt. 1-2.  The Plaintiff seeks damages, attorneys' fees and costs.  *Id.*

14  **D.  PENDING MOTION**

15      The State Defendants move to dismiss all claims asserted against them arguing that (1) the

16  state law claim of false imprisonment is barred by the superior court's finding of probable cause

17  and by the statute of limitations, (2) the negligence claim is barred by the statute of limitations,

18  (3) the claim for violation of RCW 71.09.070(5) should be dismissed because there is no private

19  right of action under the statute, and, even if there was, Plaintiff's claim would be barred by the

20  statute of limitations, (4) the claim for violation of RCW 71.09.060 should be dismissed because

21  there is no private right of action under the statute, the statute of limitation bars his claims, and

22  Plaintiff repeatedly waived his rights under the statute, and (5) the due process claims should be

23  dismissed because they are barred by the statute of limitations, the Plaintiff cannot show that any

24

1    of the individual state Defendants personally participated in a violation of his rights, and states

2    and state entities are not "persons" under 42 U.S.C. § 1983, and Assistant Attorney General

3    Buder is entitled to prosecutorial immunity.  Dkt. 35.

4         The Plaintiff responds and opposes the motion.  Dkt. 38.  The State Defendants filed a

5    reply (Dkt. 40) and the motion is ripe for review.  This opinion will first provide the summary

6    judgment standard, and then will turn to whether each claim should be dismissed.

## II.    DISCUSSION

### A.  SUMMARY JUDGMENT STANDARD

9         Summary judgment is proper only if the pleadings, the discovery and disclosure materials

10   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

11   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (a). The moving party is

12   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

13   showing on an essential element of a claim in the case on which the nonmoving party has the

14   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

15   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

16   for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

17   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

18   metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is

19   sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

20   the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986);

21   *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.

22   1987).

1   The determination of the existence of a material fact is often a close question.  The court

2   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

3   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

4   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

5   of the nonmoving party only when the facts specifically attested by that party contradict facts

6   specifically attested by the moving party.  The nonmoving party may not merely state that it will

7   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

8   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

9   Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not

10   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

11   **B.  CLAIM FOR FALSE IMPRISONMENT**

12   The Plaintiff asserts a claim for false imprisonment against the state, DSHS, SCC,

13   Defendant Villa-McGrath, and Assistant Attorney General Buder.

14   Plaintiff's claims for false imprisonment should be dismissed.  Under Washington law, a

15   finding of probable cause is a complete defense to a false imprisonment claim.  *Fondren v.*

16   *Klickitat County,* 79 Wn. App. 850, 862 (1995); *Bender v. City of Seattle,* 99 Wn.2d 582, 591

17   (1983).  On November 20, 2008, the Yakima Superior Court found that there was probable cause

18   to believe that the Plaintiff was a sexually violent predator after a contested hearing where

19   Plaintiff was represented by counsel.  The Plaintiff then voluntarily waived his right to trial for

20   several years.  His false imprisonment claims are barred by Washington law.

21   Moreover, under Washington law, the Plaintiff must bring his claim for false

22   imprisonment within two years.  RCW 4.16.100.  The statute of limitation begins to run when a

23

24

1   claim accrues.  *Allen v. State,* 118 Wash.2d 753, 826 (1992).  "[A] cause of action accrues when

2   the Plaintiff knew or should have known the essential elements of the clause of action."  *Id.*

3       Plaintiff's state law claims of false imprisonment should be dismissed with prejudice

4   because they are barred by the statute of limitations.  At the latest, his claim for false

5   imprisonment accrued no later than his probable cause hearing when the Plaintiff knew of, or

6   should have known of, the basis of these state claims.  *Allen,* at 826; *Gausvik v. Perez*, 392 F.3d

7   1006, 1009 (9th Cir. 2004)(holding false imprisonment, intention or negligent infliction of

8   emotional distress, and negligent training claims under Washington law accrued on the date

9   when the plaintiff was arrested and knew the factual basis of his claims).  Accordingly, his claim

10  for false imprisonment was barred in 2010; several years before this case was filed in 2019.

11      The Plaintiff points to the tolling provisions in RCW 4.16.190 and argues that his claims

12  are not barred.  RCW 4.16.190 provides, in pertinent part, that "if a person entitled to bring an

13  action . . . be at the time the cause of action accrued . . . imprisoned on a criminal charge prior to

14  sentencing, the time of such disability shall not be a part of the time limited for the

15  commencement of action."

16      The Plaintiff acknowledges that the undersigned has already held that this tolling

17  provision did not apply to his false imprisonment claim.  That order provided:

18      At the time of the probable cause hearing, the Plaintiff was not "imprisoned on a
    criminal charge prior to sentencing."  According to his Complaint, he had served

19      his criminal sentence as of August 20, 2008.  Commitment proceedings to
    determine if someone is a sexually violent predator are not criminal proceedings.

20      "[A] SVP commitment is a civil proceeding and the SVP statute is resolutely
    civil." *Matter of Det. of Belcher*, 196 Wn. App. 592, 606 (2016), aff'd, 189 Wn.2d

21      280, 399 P.3d 1179 (2017)(*internal quotation marks and citations omitted*).  The
    tolling provision in RCW 4.16.190 does not apply.

22

23

24

Dkt. 32. The Plaintiff argues that his case is "unique" because he was not being held on a criminal charge, but the public policy purposes of the statute would be served if the court were to find that he was entitled to relief under the statute.  Without citation to any authority permitting this Court to act, the Plaintiff asks the Court to extend the reach of the statute beyond its plain language.  This the Court cannot do; the Plaintiff is not entitled to tolling of the statute of limitations.  The Defendants' motion to dismiss the claim for false imprisonment should be dismissed with prejudice.

### C.  CLAIM FOR NEGLIGENCE AND CLAIM FOR VIOLATION OF RCW 71.09.070(5)

The Plaintiff asserts claims for negligence against the State, DHSH, SCC, DOC, Kimberly Acker, Bruce Duthie, and Henry Richards.  Dkt. 1-2.  The Plaintiff's Complaint references RCW 71.09.070(5) in its negligence discussion.  *Id.*  The Plaintiff asserts his claims for violation of RCW 71.09.070(5) against DSHS and SCC.  *Id.*

The Plaintiff's claims for negligence and for violation of RCW 71.09.070(5) for events occurring before June 25, 2016 (three years before he filed this case) should be dismissed as barred by the statute of limitations.  In Washington, a claim for negligence must be brought within three years under RCW 4.16.080(2).  A claim for violation of RCW 71.09.070(5) must also be brought within three years under the "catch all" provision of Washington's statute of limitations RCW 4.16.080(2).  RCW 4.16.080(2) (providing the "following actions will be commenced within three years . . . an action for . . . injury to the person or rights of another not hereinafter enumerated").  As stated above, Plaintiff's claim for tolling under RCW 4.16.190 is unavailing.

To the extent that Plaintiff's claim for negligence or for violation of RCW 71.09.070(5) is for events occurring after June 25, 2016, his claims are not barred by the statute of limitations.

However, to the extent that the Plaintiff bases his negligence claim on a violation of RCW 71.09.070(5) after June 25, 2016, his claim should be dismissed.  "In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cty*., 164 Wn.2d 545, 552 (2008).  Further, Washington law provides that "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence."  RCW 5.40.050.  The Plaintiff has failed to point to evidence which would demonstrate a breach of RCW 71.09.070(5).  The version of RCW 71.09.070(5) that was effective from July 1, 2015 to July 27, 2019 provided:

> The department shall file the report with the court that committed the person under this chapter. The report shall be in the form of a declaration or certification in compliance with the requirements of RCW 9A.72.085 and shall be prepared by a professionally qualified person as defined by rules adopted by the secretary. A copy of the report shall be served on the prosecuting agency involved in the initial commitment and upon the committed person and his or her counsel.

The State Defendants point out that this statute did not apply to the Plaintiff's situation: RCW 71.09.070(5) applies to "committed" persons.  The Plaintiff fails to meaningfully respond to this argument.  Indeed, under RCW 71.09, a person is not "committed" until after the trial. *See* RCW 71.09.060 ("[i]f the court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the department of social and health services for placement in a secure facility . . .").  For people awaiting trial, like the Plaintiff was at the relevant time, the statute provided other mechanisms for his mental evaluation.  RCW 71.09.055.  Other than referencing RCW 71.09.070(5), the Plaintiff fails to identify the grounds for his negligence claim.  His claims for negligence should be dismissed.

To the extent the Plaintiff asserts a claim for violation of RCW 71.09.070(5) after June 25, 2016, the claim should be dismissed.  In addition to failing to demonstrate a violation of

RCW 71.09.070(5), the Plaintiff has not shown that there is a private right of action available to him under the statute.

To determine whether it is appropriate to imply a cause of action, Washington uses a three-part test: "first, whether the plaintiff is within the class for whose 'especial' benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation." *Ducote v. State, Dep't of Soc. & Health Servs.*, 167 Wn.2d 697, 703, 222 P.3d 785, 787 (2009). The Plaintiff has failed to make a showing under any portion of the three-part test that there is a private right of action available to him under the statute. RCW 71.09.070(5), was enacted to protect those who had already been civilly committed, not those awaiting trial. There is no evidence that the legislature intended allowing someone who was awaiting trial such a remedy. Further, he fails to show that implying a remedy is consistent with the underlying purpose of RCW 71.09.070(5).

The Defendants' motion to dismiss Plaintiff's claims for negligence and for violation of RCW 71.09.070(5) should be granted and those claims dismissed.

**D. CLAIMS FOR VIOLATIONS OF RCW 71.09.060**

The Plaintiff asserts claims for violation of RCW 71.09.060 against DSHS and SCC. Plaintiff's claims for violation of RCW 71.09.060, "Trial – Commitment – Determination Procedures," should be dismissed.

Like the claims based on RCW 71.09.070(5), claims under RCW 71.09.060 for events occurring before June 25, 2016 (three years before he filed this case) should be dismissed as barred by the statute of limitations. A claim for violation of RCW 71.09.060 must also be brought within three years under the "catch all" provision of Washington's statute of limitations

RCW 4.16.080(2).  As stated above, Plaintiff's claim for tolling under RCW 4.16.190 is unavailing.

Further, Plaintiff has failed to point to any evidence, much less issues of fact, that RCW 71.09.060 was violated.  The Plaintiff voluntarily waived his right to have his trial within 45 days of the probable cause determination for several years, in part to pursue relief in other forums.  He was represented by counsel.  While he states he felt like his choices were limited, he makes no showing that his waivers were invalid.  Further, he fails to address the Defendants' argument that claims based on his tactical decision to waive his right to trial are barred by the doctrine of judicial estoppel.  Lastly, the Plaintiff failed to meaningfully address the Defendants' argument that there is no private right of action under RCW 71.09.060.  His claim should be dismissed.

**E.  FEDERAL DUE PROCESS CLAIMS MADE PURSUANT TO 42 U.S.C. § 1983**

The Plaintiff asserts due process claims via 42 U.S.C. § 1983 against all Defendants. Dkt. 1-2.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Vague and conclusory allegations of

1    official participation in civil rights violations are not sufficient to support a claim under § 1983.

2    *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

3                                1.   <u>Claims made Against the Individual State Defendants</u>

4           The Plaintiff's due process claims asserted against Defendants Villa-McGrath, Duthie,

5    Acker, Richards or Buder should be dismissed.  The Plaintiff concedes that Assistant Attorney

6    General Buder is entitled to prosecutorial immunity from his constitutional claims.  Further, the

7    Plaintiff fails to point to any evidence of any action or inaction that Buder or any of the

8    individually named state Defendants took which caused him to be deprived of his due process

9    rights.  Plaintiff points to no evidence that they personally participated in a deprivation.

10   "Liability under section 1983 arises only upon a showing of personal participation by the

11   defendant."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's constitutional claims

12   asserted against  Defendants Villa-McGrath, Duthie, Acker, Richards or Buder should be

13   dismissed.  The Court need not reach the Defendants' claims of qualified immunity.

14                               2.   <u>Claims made Against Washington, DSHS, SCC and DOC</u>

15          In response to the State Defendants' motion for summary judgment, the Plaintiff, while

16   acknowledging that the Washington State Supreme Court has found RCW 71.09 does not

17   violated due process, he argues that, as applied to him, the "state's system of indefinitely

18   detaining a person without a trial" is unconstitutional.  Dkt. 38.  The Plaintiff maintains that as an

19   indigent person, the protections afforded him in RCW 71.09 "were illusory because, had he

20   insisted on a speedy trial, he could not employ experts to defend against the charges."  *Id.*  The

21   Plaintiff argues, without any support from the record, that "[a]s a practical matter, an indigent

22   detainee is incapable, in less than five years, of defending himself as being labeled as someone

23

24

1   who fits the statutory definition of a sexual predator because he cannot get appointed a mental

2   health professional who can evaluate him and be prepared to testify in court in less time." *Id.*

3        The State Defendants' motion to dismiss the constitutional claims asserted against the

4   State, DSHS, SCC and DOC should be granted.  States and state agencies are not "persons" and

5   so are not subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

6   (1989) (holding that "neither a State nor its officials acting in their official capacities are

7   'persons' under § 1983"); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir.2004) (holding "state

8   agencies are ... protected from suit under § 1983").  The Plaintiff fails to address the Defendants'

9   argument that states and state agencies are not "persons" subject to suit under § 1983.  The

10  Plaintiff's claims for violation of his due process rights, brought pursuant to § 1983, against the

11  State, DSHS, SCC and DOC should be dismissed.

12      **F.  CONCLUSION**

13       The State Defendants' motion for summary judgement should be granted.  The Plaintiff's

14  claims asserted against the State Defendants should be dismissed.

15       The only remaining Defendant in this case is the Plaintiff's lawyer in the SVP case,

16  Bruce Shamulka.  Plaintiff asserts claims for violation of his due process rights under § 1983

17  against Defendant Shamulka.  Defendant Shamulka has not appeared or otherwise defended.  It

18  is not clear whether he has been served.  By March  5, 2021, Plaintiff should be ordered to either

19  file a motion for default, including proof of service, or show cause why the case against

20  Defendant Shamulka should not be dismissed.

21

22

23

24

1

### III.    ORDER

2    Therefore, it is hereby **ORDERED** that:

3
- The State of Washington, Department of Corrections, Washington State

4      Department of Social and Health Services, Special Commitment Center at McNeil

5      Island, Conrada Villa-McGrath, Bruce Duthie, James K. Buder, Kimberly Acker,

6      and Henry Richards' motion for judicial notice (Dkt. 35) **IS GRANTED**;

7
- The State of Washington, Department of Corrections, Washington State

8      Department of Social and Health Services, Special Commitment Center at McNeil

9      Island, Conrada Villa-McGrath, Bruce Duthie, James K. Buder, Kimberly Acker,

10     and Henry Richards' motion to strike (Dkt. 40) **IS DENIED WITHOUT**

11     **PREJUDICE**; and

12
- The State of Washington, Department of Corrections, Washington State

13     Department of Social and Health Services, Special Commitment Center at McNeil

14     Island, Conrada Villa-McGrath, Bruce Duthie, James K. Buder, Kimberly Acker,

15     and Henry Richards' Motion for Summary Judgment (Dkt. 35), **IS GRANTED**;

16
- All claims asserted against the State of Washington, Department of Corrections,

17     Washington State Department of Social and Health Services, Special

18     Commitment Center at McNeil Island, Conrada Villa-McGrath, Bruce Duthie,

19     James K. Buder, Kimberly Acker, and Henry Richards **ARE DISMISSED;** and

20
- By **March  5, 2021**, Plaintiff **IS ORDERED** to either file a motion for default,

21     including proof of service, or show cause why the case against Defendant

22     Shamulka should not be dismissed.

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of February, 2021.

ROBERT J. BRYAN
United States District Judge